IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROY A. DAY, | § | |
| | § | |
| Plaintiff, | § | SA-20-CV-01196-DAE |
| | § | |
| vs. | § | |
| | § | |
| USAA CASUALTY INSURANCE COMPANY, RANDALL W. CORNELIUS, MARIA ANGIE GARCIA, | § § § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION AND ORDER
OF THE UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation and Order concerns Plaintiff Roy Day's Motion to Proceed *In Forma Pauperis* [#1]. Attached to the motion are the following additional filings: Plaintiff's Proposed Complaint [#1-1] and Plaintiff's Application for Permission to File Electronically [#1-2]. The District Court referred this case to the undersigned on October 8, 2020 for disposition of the pending motion to proceed *in forma pauperis* ("IFP") and for a review of the pleadings pursuant to 28 U.S.C. § 1915(e). Having considered the filings before the Court, the Court will grant the motion to proceed IFP but recommend Plaintiff Day's Complaint be dismissed as frivolous.

**I. Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  When faced with a request to proceed IFP, courts must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship.  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).  Whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees is a matter of discretion for a district court.  *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (per curiam).  Although one need not be absolutely destitute to enjoy the benefit of IFP status, an application to proceed IFP is only sufficient if it indicates that the plaintiff truly cannot, because of poverty, afford to pay for the costs of litigation and still provide for himself and his dependents.  *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Day's motion to proceed IFP contains his income, assets owned, and monthly expenses. Day is a single, 74-year-old man and lives on retirement ($742/month) and social security ($61/month).  His only listed asset is a 2018 Mitsubishi Mirage.  His monthly expenses total $1,349.48.  He represents to the Court that he only has $25 in cash in his checking account. Because it would cause Day a hardship to pay the filing fee, the Court will grant his motion to proceed IFP.

### III. Review of Day's Claim for Frivolousness

Pursuant to the Court's October 8, 2019 Standing Order, before ordering service of his Complaint on Defendants, the undersigned has also reviewed Day's Complaint for frivolousness pursuant to 28 U.S.C. § 1915(e)(2)(B).  This Court may screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

2

against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). "A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). A complaint lacks an arguable basis in law if it is based on "an indisputably meritless legal theory." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). A complaint lacks an arguable basis in fact when the allegations are fanciful, fantastic, and delusional or when they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). This court is "vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**A.     Roy A. Day has a lengthy history of filing frivolous lawsuits.**

Day has a "history of vexatious and abusive litigation." *Day v. State of Florida*, 530 Fed. App'x 134, 135 (3d Cir. 2013) (per curiam). In 1993, the U.S. Supreme Court called Day an abuser of the Court's certiorari process. *Day v. Day*, 510 U.S. 1, 2 (1993). By 1995, he had filed over sixty lawsuits. *In re Roy Day Litigation*, 976 F. Supp. 1455 (M.D. Fla. 1995). Accordingly, a Florida federal district court ordered that all actions filed by Day be screened by a Magistrate Judge, and if found to be frivolous, Day would be subject to a sanction of at least $1,000 per case. *Id*. at 1460. He subsequently continued to file frivolous lawsuits in Florida and faced thousands of dollars in sanctions. *In re Roy Day Litigation*, No. 95-143, 2011 WL 550207, at *1 (M.D. Fla. Feb. 9, 2011). In recent years, Day has filed lawsuits deemed frivolous by courts around the country, including courts in Delaware, Minnesota, Maine, Washington, and Michigan. *See, e.g.*, *Day v. Onstar, LLC*, No 19-10922, 2019 WL 3322437, at *1 (E.D. Mich. July 3, 2019); *Day v. Ibison*, No. 12-1566, 2013 WL 1455408, at *1 (D. Del. Apr. 8, 2014). A

Westlaw search reveals that there are over 130 opinions about lawsuits filed by "Roy A. Day" or "Roy Anderson Day" in federal and state courts.

**B.      This case should be dismissed as frivolous, too.**

In this case, Day, a Florida resident, sues Defendants USAA, whose principal place of business is in Texas; Randall W. Cornelius, a Florida resident; and Bexar County District Clerk Marie Angie Garcia, a Texas resident.

Day's Proposed Complaint alleges that USAA and Cornelius are in a conspiracy to commit insurance fraud against him. (Prop. Compl. [#1-1], at 4). On September 15, 2019, Day alleges he was driving northbound on Starkey Boulevard in New Port Richey, Florida when Cornelius was driving southbound and drove into Day's lane. *Id*. at 12–13. Day moved into the southbound lane and avoided collision, but Cornelius hit the cars behind Day's vehicle. *Id.* The crash report included with Day's complaint states that Cornelius suffered a massive stroke while driving and that is why he swerved into the other lane. *Id*. at 44–45. Day alleges, however, that Cornelius swerved into his lane on purpose to consummate an insurance scam against Day through Cornelius's insurer, USAA. *Id.* at 12. Throughout his Proposed Complaint, Day refers to Cornelius as "SK" which he explains is short for "Serial Killer." *Id.* at 11.

Day alleges that after the accident, USAA illegally gained access to his GEICO car insurance account to place fraudulent data into his account. *Id*. at 3. Day alleges that USAA did this in retaliation for his filing of a civil action against Cornelius for negligence pertaining to the near-car accident. *Id.* 4–5. Day also sues Cornelius for negligence and intentional infliction of emotional distress for almost hitting him with his car. *Id*. at 11. Day contends that USAA should be vicariously liable for the actions of Cornelius who he alleges is a "principal agent, servant, and co-conspirator" with USAA. *Id.* at 22. Lastly, Day alleges that Bexar County

District Clerk Marie Angie Garcia committed fraud against him, violated his constitutional rights, as well as violated federal and state anti-trust statutes for asking Day to use a different e-filing system than "eFileTexas." *Id*. at 32–33.

These factual allegations strain credulity and should be viewed against the backdrop of Day's history of vexatious litigation. Because Day's allegations are fanciful if not delusional, the Court should dismiss the complaint as frivolous.

Additionally, there appear to be certain jurisdictional defects with Day's lawsuit that would be fatal to this Court's consideration of his claims. It is Day's burden to establish the Court's subject matter jurisdiction. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it."). It is unclear whether Day is attempting to bring this suit via the Court's federal question or diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship between Day and all Defendants. 28 U.S.C. § 1332(a). There can be no diversity jurisdiction here, where Day and Defendant Cornelius are both Florida citizens.

Nor do the complaint's allegations establish federal question jurisdiction. Day's claim of insurance fraud related to the near-vehicle accident is a theory of criminal liability. Generally, civil liability for insurance fraud arises under state law. There are some exceptions, and the Racketeer Influenced and Corrupt Organizations Act ("RICO") is the most plausible basis for federal question jurisdiction. 18 U.S.C. § 1961-1968 (creates a civil cause of action for persons whose business or property has been injured by organized, long-term criminal activity). A plaintiff may bring a claim for conspiracy to commit insurance fraud under RICO. *See Humana Inc. v. Forsyth*, 525 U.S. 299, 311–12 (1999). But Day fails to properly do so. Day's Complaint

fails to allege the requisite "pattern of racketeering activity" needed for a RICO claim because he does not plead two or more related acts of racketeering that either constituted or threatened continued criminal activity.  18 U.S.C. § 1961(1); *In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993).

The only other federal claims pleaded in this lawsuit are "constitutional" and antitrust claims asserted against Defendant Garcia, the Bexar County District Clerk, for instructing Day that to file a case in state court he must use Bexar County's filing system.  These allegations are unrelated to the gravamen of Day's Complaint, which relates to a conspiracy to commit insurance fraud.  Moreover, they do not assert a legal injury.  Day cannot manufacture federal question jurisdiction by including these unrelated causes of action in this suit.  *See Bell v. Hood*, 327 U.S. 678, 682–83 (1946) (a suit may be dismissed "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where the claim is wholly insubstantial and frivolous.").

Moreover, even if there were subject matter jurisdiction, it appears that venue is not proper because the complaint pertains to a near-car accident that occurred in Florida.  According to the federal venue statute, a civil action may only be brought in (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.  28 U.S.C. § 1391(b).  Day's Proposed Complaint does not indicate that all Defendants reside in the State of Texas.  Nor does it allege that a substantial part of the events underlying his claims occurred in the Western District of Texas.

In summary, this case is frivolous and fails to state a claim upon which relief can be granted and should be dismissed.

### IV. Conclusion and Recommendation

For the reasons set forth above, the undersigned recommends that Day's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] be **GRANTED,** but that Day's Complaint [#1-1] be **DISMISSED** as frivolous under § 1915(e).

### V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 28th day of October, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE